## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| THOMAS BRIAN JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 3:07-CV-273 TS |
| v. | ) |
| | ) |
| JULIE LAWSON and BRIAN W. STEINKE, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Thomas Brian Johnson, a *pro se* prisoner, submitted a Complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under § 1915A as when addressing a motion under Federal Rule of Civil Procedure 12(b)(6) to dismiss a complaint. *Weiss v. Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
> 
> In order to state a cause of action under 42 U.S.C. § 1983, the Supreme Court requires only two elements: First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of the right acted under color of state law. These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

*Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

**A.     Complaint**

According to his Complaint, Mr. Johnson pled guilty to battery and criminal conversion on January 17, 2007, and was sentenced to 180 days incarceration in the St. Joseph County Jail. On February 1, 2007, Mr. Johnson was transported to the Westville Correctional Facility for violating his parole. Upon release from the Westville Correctional Facility, Mr. Johnson was sent back to the St. Joseph County Jail. Mr. Johnson alleges that Judge Brian W. Steinke then resentenced him on his battery and criminal conversion conviction. He also asserts that Julie Lawson, Warden of the St. Joseph County Jail, kept him incarcerated past his original release date. In his Complaint, Mr. Johnson seeks monetary damages from both Judge Steinke and Ms. Lawson.

**B.     Judicial Immunity**

A state court judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors." *Stump v. Sparkman*, 435 U.S. 439, 359 (1978). Sentencing criminal defendants that have been charged by the state is within a state court's jurisdiction, therefore Judge Brian W. Steinke is immune and must be dismissed with prejudice.

**C.     *Heck v. Humphrey* Bar**

In addition, Mr. Johnson's claims for monetary damages against Warden Julie Lawson for holding him past his original release date are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Where the successful prosecution of a civil rights case would render a conviction or sentence invalid, the civil rights case cannot proceed without proof "that the conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (synthesizing cases to clarify "that a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration").

Here, Mr. Johnson is still confined pursuant to his conviction on the battery and criminal conversion charges. A monetary award based on his claim that he is being confined past his original release date would imply that the duration of his state-imposed confinement was invalid. Therefore this allegation does not state a claim on which relief can be granted at this time and the claim must be dismissed without prejudice. If, in the future, Mr. Harris can demonstrate that his resulting conviction or sentence have been overturned, then he may re-file this claim.

For the foregoing reasons, the Court

(1) **DISMISSES WITHOUT PREJUDICE** the claim that Thomas Brian Johnson is being incarcerated past his original release date; and

(2) **DISMISSES WITH PREJUDICE** Defendant Judge Brian W. Steinke; and

SO ORDERED on June 20, 2007.

                                           s/ Theresa L. Springmann
                                          THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT
                                          FORT WAYNE DIVISION